## C. G. BROSNAHAN, Respondent, v. MATILDA PITCHER, Appellant.

**Kansas City Court of Appeals, November 16, 1908.**

1. **TAXBILLS: Property Assessed: Kansas City Charter.** Where all the property is on one side of the street the fact of the lack of jurisdiction in the city over the property on the other side will not deprive the city of the power to compel the improvement of the street at the expense of the abutting owners within its jurisdiction, notwithstanding the charter requires the improvement to be charged on all lands on both sides of the street.

2. ———: ———: **South Side Improvement: North Side Property.** Under an ordinance Thirty-first street was graded on the north side thereof, since the city's jurisdiction only extended to the center of the street and the taxbills were assessed against the properties abutting on the north side. Subsequently the city limits were extended to the south and an ordinance directed the grading of the south side and the issue of taxbills to pay the same against the property abutting on both sides of the street. *Held*, that the taxbills against a lot abutting on the north side was invalid.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED.

*Lathrop, Morrow, Fox & Moore* for appellant.

(1) Under an ordinance to grade one-half of a street longitudinally, the cost of the work should be assessed only against the property fronting on such longitudinal half. Wakefield v. Mander, 5 C. P. Div. 248; Central Covington v. Busse (Ky.), 80 S. W. 210; McDonald v. Coniff, 99 Cal. 386, 34 Pac. 71; Perine v. Erzgraber, 102 Cal. 234, 36 Pac. 585; Philadelphia v. Eastwick, 35 Pa. St. 75; Holt v. Somerville, 124 Mass. 408. (2) Ordinance number 21542, and all the proceedings thereunder, are unreasonable. Halpin v. Campbell, 71 Mo. 493; Corrigan v. Gage, 68 Mo. 541; Armstrong v. St. Louis, 3 Mo. App. 151; Heman v.

Handlan, 59 Mo. App. 490; Field v. Paving Co., 117 Fed. 925; Chicago v. Brown, 205 Ill. 568, 69 N. E. 65; McQuillin, Municipal Ordinances, sec. 550.

*Borland, Goodwin & Pew* for respondent.

(1) Appellant's property fronts on the portion of the street graded. Investment Co. v. Shaw, 129 Cal. 273, 61 Pac. 1082; Drake v. Grout, 21 Ind. App. 534; Moran v. Lindell, 52 Mo. 229; Crane v. French, 50 Mo. App. 367; Cincinnati v. Batsche, 52 Ohio Stat. 324, 27 L. R. A. 536; Hamilton on Special Assessments, secs. 303, 469. (2) The ordinance is not unreasonable. Goszler v. Georgetown, 6 Wheat. 593, 5 L. Ed. 339; McCormick v. Patchin, 53 Mo. 33; Hoffman v. St. Louis, 15 Mo. 651; Morley v. Carpenter, 22 Mo. App. 640; Water Works Co. v. Kansas City, 20 Mo. App. 242; Murphy v. Peoria, 119 Ill. 509; Paving Co. v. Rier, 52 Cal. 270; Grading Co. v. Holden, 107 Mo. 312; 2 Dillon on Municipal Corporations, secs. 685, 686; Hamilton on Special Assessments, sec. 440.

JOHNSON, J.—Action to enforce the lien of a special taxbill issued by Kansas City in part payment of the cost of grading Thirty-first street from Bales avenue to Cleveland avenue. By agreement of the parties, a jury was waived, the cause was submitted to the court on an agreed statement of facts, judgment was entered for plaintiff and defendant appealed. The issue presented by the pleadings and agreed facts is the validity of the assessment against the property of defendant. Facts material to this issue are as follows:

The ordinance initiating the improvement was enacted November 25, 1902, and provided for the grading of the south one-half of Thirty-first street from the west line of Bales avenue as produced from the north to Cleveland avenue. The cost of the improvement was assessed against the property on both sides of the street between the points mentioned. The property of defend-

ant on which the assessment was levied is on the north side of the street. In 1889, Thirty-first street was known as Springfield avenue and the center line of that thoroughfare was a part of the southern boundary of Kansas City. In that year, the city by ordinance, caused the north half of Springfield avenue to be graded, assessed the whole cost thereof against the property on the north side of the avenue, and defendant paid the special taxbill issued against her property. Afterward, and before the grading under consideration was provided for, the city limits were extended southward to include within the municipality Springfield avenue, and its abutting property on the south, and the name of the street was changed to Thirty-first street.

The charter of Kansas City in force when both improvements were authorized and made provided that the cost of street improvements "shall, when the same is to be paid for in special taxbills, be apportioned and paid as follows, viz: the cost of all grading, including the grading of sidewalks, shall be charged as a special tax on all lands on both sides of the street, avenue, or public highway or parts thereof graded."

Should we sustain the present assessment and hold the taxbill valid the effect would be to impose on the owners of property on the north side of the street the burden of paying three-fourths of the cost of grading the entire street, and to relieve the owners of property abutting the south line of the street of one-half the burden which in all equity and fairness should be borne by them. The proposition of the plaintiff that this should be done is unjust and unreasonable on its face and will not be entertained. We do not agree with the learned trial judge that the payment by defendant of the taxbill issued for grading the north half of Springfield avenue was voluntary, not compulsory. That assessment was valid and defendant was compelled to pay the taxbill to free her property from its lien. It is true, the charter provides that a special assessment

to pay for a street improvement must be levied against the property on both sides of the street and contains no express provision for improving a street where the abutting property on one side is outside the city limits and, therefore, beyond the jurisdiction of the municipality. And also is it true that proceedings by which private property is burdened with the cost of street improvements being *in invitum* must strictly conform to law to be valid, but the only reasonable construction to be placed on the provision of the charter now being discussed is that all the land abutting on the part of the street improved must bear the cost of the improvement, and where all such property is on one side of the street, the fact of the lack of jurisdiction in the city over the property on the other side will not deprive the city of the power to compel the improvement of the street at the expense of the abutting owners within its jurisdiction.

Directly in point is the decision of the Court of Appeals of Kentucky in Town v. Busse, 80 S. W. 210. There the dividing line between Covington and Central Covington—separate municipalities—was the center line of a street. The trustees of the latter city caused its half of the street to be improved and issued tax-bills for the whole cost against the abutting property within its jurisdiction. The court said: "On this account the board of trustees of Central Covington had no authority to require the improvement of the north half of Willow street, or to levy a special tax upon the abutting property holders on that side for the purpose; but, as only the south side of the street was required to be improved by the ordinance, and only the cost of improving this half was actually assessed against the abutting property, we are unable to perceive any legal ground for releasing the abutting property holders from the payment of the cost thereof. When the other part of the street is improved, it will have to be paid for by the abutting property holders on the north side."

Since the defendant, in paying the first assessment, in fact, has paid her full share of the cost of grading the entire thoroughfare, it is but reasonable that the cost of grading the half of the street brought into the city by the extension of its limits should be discharged by the property-owners on the south side of the street. They are benefited as much by the grading for which plaintiff helped to pay as plaintiff is by the grading for the payment of which she now is asked to contribute. We are of opinion that the whole of the present assessment should have been levied on the property on the south side of the street and that the taxbill in suit is invalid.

Accordingly the judgment is reversed. All concur.